McAdam, C. J.
Emanuel Hart, the father of the plaintiffs, was a member in good standing at the time of his death, in Joshua Lodge, Ho. 21, one of the subordinate lodges of the defendant, and by virtue of such membership became entitled to all the rights and benefits of a member, including an inchoate interest in the endowment fund, provided for by article 4 of the defendant’s constitution. Section 2 of this article provides that “the object of this fund shall be to secure the sum of $1,000 after the death of a member, and this sum shaE be paid in the first instance to his wife, or, secondly, if she be dead, to his children, or the member may make a declaration as provided by section 6 of this article.” Section 6 provides that “a married brother may bequeath one-half of the legal amount to either one or aE of his chEdren; five hundred aoEars at least must be devised to his widow.”
The widow received her $500 by force of this provision. Section 11 provides that the defendant (the Grand Lodge) shaE, by assessment on the members of the order, raise the *294 money required to pay the death benefit, and the “ trustees ”' of the subordinate lodge are charged with the duty of paying the amount without delay to the person or persons law- ■ fully designated to receive the same; and after making the .payment the voucher thereof is to be transmitted to the-Grand Lodge without delay. The decedent in this case - •designated his two children, the plaintiffs, as his beneficiaries in respect to the five hundred dollars claimed herein. Immediately following the designation occur these-words: “And Joshua Lodge, No. 21, shall keep it (the $500) till they (the children) are twenty-one years of age, and pay-the interest.”
In consequence of these words the defendant has refused, to pay the plaintiffs, on the ground that Joshua Lodge is. entitled to take the fund and hold it until the plaintiffs, arrive at the age of twenty-one years. The question presented is whether these words constitute a valid trust or-power in “Joshua Lodge,” which it, as an unincorporated society, is capable of executing.
Formerly a corporation, being an artificial creature, having neither soul nor conscience, could not be trustee for-another. This disability has long since been removed by statute. But I find no authority which authorizes “ Joshua. Lodge,” or any other voluntary and fluctuating body of persons unknown to the law, and therefore irresponsible to the courts, to act as trustees for another, or to execute the trust which the words before mentioned were probably intended to create. The execution of the trust is not confided to the “trustees” or officers of the lodge by name, which might have been legal, but to the “lodge ” itself. It is not in the nature of a bequest or legacy to the lodge, nor a trust for its benefit, but for the exclusive benefit of others, and the lodge being an unincorporated association of individuals, known only to those having charge of the books, of membership, and acting under a name of their own selection, changeable at pleasure, it has no legal entity in the sense in which that term is used in the law, and cannot act. as trustee for others in respect to the fund now in the possession of the defendant. The provision in question is-therefore absolutely void, and on that account ho new trustee can be appointed to execute the trust attempted to be-created thereby. The constitution of the defendant contemplated an immediate payment over of the money by the-trustees of the subordinate lodge, and the sending of a receipt signed by the benificiaries to the grand lodge. This, primary duty"was inconsistent with a counter trust “to-hold” and not to pay it. The purpose of the trust was therefore entirely at variance with the provisions of the defendant’s constitution, and not germane to the declared. *295 objects or purposes of the subordinate lodge, which was not to be a depository for the death benefits of its members, but a mere conduit through which they were to reach the designated benificiaries. The $500 was to go to the children as “ designated beneficiaries,” they have made legal claim to it through their mother, who is their duly appointed general guardian, as well as their guardian ad litem herein, and she is the proper trustee thereof.
It follows, therefore, that the plaintiffs are entitled to-judgment for $500, with costs.